IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAIRYLAND PRODUCE LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | |
| ANTHONY SMITH and § | |
| FLORIDA VEG INVESTMENTS LLC § | |
| dba MR GREENS PRODUCE, § | |
| § | |
| *Defendants*. § | |

## DECLARATION OF ETHAN BRYAN

1. My name is Ethan Bryan. I am over the age of 21 and competent to make this Declaration. My business address is _____. The facts set forth herein are within my personal knowledge and are true and correct. *2100 Luna Ld #120 Carrollton TX 75006*

2. I am a Regional Vice President at The Chefs' Warehouse, Inc. ("**CW**"). Dairyland Produce LLC ("**Dairyland**") is a wholly-owned subsidiary of CW.

3. Dairyland operates a national wholesale food distribution business. Dairyland's parent company, CW, acquired Defendant's former employer, Hardie's Fruit and Vegetable Company, LP ("**Hardie's**"), on March 20, 2023 (the "**Acquisition**").

4. Included in the Acquisition was, without limitation, all of Hardie's' confidential, proprietary, and trade secret information, such as employee lists, customer lists, pricing policies, and operational methods.

5. Also as part of the Acquisition and in order to continue the seamless operations of Hardie's to service the existing and future customers of Hardie's, Dairyland retained many of the Hardie's employees after the Acquisition, including Defendant Anthony Smith ("**Smith**"). Many of these employees, including Smith, are long-time employees of Hardie's with knowledge of the confidential, proprietary, and trade secret information of Hardie's, including without limitation, customer contact and pricing information and other confidential information derived specifically to serve its customers.

6. . As the Director of Sales, Smith was responsible for overseeing Dairyland's sales throughout Texas, had responsibility for every customer and every salesperson in his territory, and was the hiring manager for all sales personnel in his region.

7. When Smith became a Sales Manager for Dairyland, he began reporting directly to me.

As a Sales Manager, Smith had responsibility over the Dallas/Fort Worth metroplex, east Texas, and McAllen, Texas.

8. As Dairyland's Director of Sales and as its Sales Manager, Smith directly interacted on a day-to-day basis with Dairyland's customers. Smith was responsible for maintaining these valuable customer relationships, and in many way was "the face" of Dairyland to those customers. Smith also had the most knowledge of any sales team member regarding Dairyland's Texas customers' identities, purchase histories, preferences, pricing, and profit margins, as well as confidential information regarding Dairyland's employees' identities, performance history, and compensation.

9. Dairyland terminated Smith's employment immediately after it learned that Smith had downloaded Dairyland's confidential, proprietary, and trade secret information and/or emailed that information to his personal email address.

10. Smith recently accepted employment as a Business Development Specialist with one of Dairyland's direct competitors, Defendant Florida Veg Investments dba Mr Greens Produce ("Mr Greens"). In connection with such role, Smith is responsible for Mr Greens's sales in the Austin/San Antonio region. Mr Greens is among Dairyland's strongest competitors in the Austin/San Antonio market. Accordingly, Defendants are now in a position to use Dairyland's confidential, proprietary, and trade secret information to harm Dairyland and benefit Mr Greens.

11. Dairyland has suffered, and will continue to suffer, immediate and irreparable harm if Smith and/or Mr Greens are permitted to continue to possess, disclose, and use Dairyland's confidential, proprietary, and trade secret information. The harm has already commenced because Smith has Dairyland's information with no legitimate purpose for keeping, disclosing, or using it. The harm is irreparable because the confidential, proprietary, and trade secret information, which is the result of decades of Dairyland's investment in training its employees and establishing goodwill with its customers, is necessary for Dairyland to maintain its competitive advantage in the marketplace. Dairyland has no adequate remedy at law because Smith's and/or Mr Greens's continued unauthorized access, disclosure, and use of Dairyland's confidential, proprietary, and trade secret information will result in the immediate loss of existing and future customer relationships, whose resulting damages cannot be readily calculated.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 29th day of April, 2024.

_____
Ethan Bryan