IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DAIRYLAND PRODUCE LLC,** | § § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:24-cv-1605 |
| **ANTHONY SMITH and FLORIDA VEG INVESTMENTS LLC dba MR GREENS PRODUCE,** | § § § § § | |
| *Defendants*. | § § | |

## TEMPORARY RESTRAINING ORDER

Pending before the Court is the Application for Temporary Restraining Order and Preliminary and Permanent Injunctions ("**Application**") filed by Plaintiff Dairyland Produce LLC ("**Dairyland**") against Defendants Anthony Smith ("**Smith**") and Florida Veg Investments LLC (together with Smith, "**Defendants**").

Having read the Application and supporting declarations, and having considered the arguments and evidence presented by the parties, and good cause appearing, the Court finds that in the absence of granting Dairyland's Application, immediate and irreparable harm, injury, loss, and damage will result to Dairyland and its business, property, reputation, and goodwill, in addition to its statutory, common law, and contractual rights, from which Dairyland will not be able to recover financially and for which there is no adequate remedy at law. The immediate and irreparable injuries, losses, and damages Dairyland will suffer include the loss and devaluation of Dairyland's confidential, proprietary, and trade secret information and the potential loss of its customers and employees, the loss of Dairyland's goodwill, and the continued and wrongful

disclosure of Dairyland's confidential and valuable customer contacts, customer service requirements, and pricing information.

For these reasons, the Court has decided to **GRANT** Dairyland's Application for Temporary Restraining Order.

Dairyland has provided notice to Defendants through their attorney, and an order is immediately necessary before any further irreparable injury, loss, or damage occurs.

It is therefore **ORDERED** that Defendants are **RESTRAINED AND ENJOINED**, as follows:

1. Smith shall immediately cease and desist from (i) being employed and/or directly or indirectly providing services as an employee to provide services similar to those he provided to Dairyland (ii) to any business that directly competes with Dairyland (iii) within the State of Texas;

2. Defendants, and all others affiliated or acting in concert with either or both of them, shall immediately cease and desist from using or disclosing any of Dairyland's trade secrets and/or confidential or proprietary information including, without limitation:

    2.1. Customer lists, contact information, service locations, and pricing specifications and methodologies for Dairyland's customers;

    2.2. Service performance methods, techniques, and know-how used to service Dairyland's customers;

    2.3. Information concerning current and former Dairyland personnel, including their identities, roles, skills, qualifications, capabilities, and compensation; and

    2.4. Dairyland's financial data or data of any sort developed or compiled by Dairyland and its affiliates;

3. Smith, and all others affiliated or acting in concert with him, shall immediately cease and desist from engaging in, or attempting to engage in, selling, promoting, or providing products or services in competition with Dairyland to any person or entity who was, between March 13, 2023 and March 13, 2024, a customer, client, or referral source of Dairyland (i) with whom Smith had any responsibility during his last 12 months of employment with Dairyland, and/or (ii) who Smith was involved in soliciting or attempting to solicit on behalf of Dairyland during his last 12

months of employment with Dairyland;

4. Smith, and all others affiliated or acting in concert with him, shall immediately cease and desist from soliciting for employment or retention, knowingly assisting in the employment or retention of, or seeking to influence or induce to leave Dairyland's employment or service any individual employed by Dairyland between March 13, 2023 and March 13, 2024;

5. Defendants, and all others affiliated or acting in concert with either or both of them, shall immediately return all of Dairyland's records, documents, and files, electronically stored or otherwise, in his, its, or their custody, possession, and/or control, including but not limited to the trade secrets and confidential and proprietary information described in the Complaint, and any electronic devices on which such information is stored, including but not limited to computers, laptops, hard drives, thumb drives, or mobile phone devices; and

6. Defendants, and all others affiliated or acting in concert with either or both of them, shall not delete, destroy, or discard any files or other documents that belong to Dairyland or that contain, reference, or incorporate confidential or proprietary information that belongs to Dairyland.

**IT IS FURTHER ORDERED** that the hearing on Dairyland's Application for Preliminary Injunction shall be held on _____ _____, 2024. The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be made a Preliminary Injunction pending a full trial on the merits.

**IT IS FURTHER ORDERED** that Dairyland post a bond in the amount of $_____.

**IT IS FURTHER ORDERED** that this Order will expire fourteen (14) days from the date of issuance of this Order, or at the conclusion of the hearing on Dairyland's Application for Preliminary Injunction, whichever is earlier.

The Clerk shall enter this Temporary Restraining Order and provide a copy to all parties.

SIGNED this _____ day of _____, 2024, at _____ o'clock ___.m.

BY THE COURT:

_____
PRESIDING JUDGE