United States District Court
Southern District of Texas
**ENTERED**
May 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DAIRYLAND PRODUCE LLC,** § § § § *Plaintiff*, § § **vs.** § § **ANTHONY SMITH and** § **FLORIDA VEG INVESTMENTS LLC** § **dba MR GREENS PRODUCE,** § § *Defendants*. § § | **CIVIL ACTION NO. 4:24-cv-1605** |

## TEMPORARY RESTRAINING ORDER

Pending before the Court is the Application for Temporary Restraining Order and Preliminary and Permanent Injunctions ("**Application**") filed by Plaintiff Dairyland Produce LLC ("**Dairyland**") against Defendants Anthony Smith ("**Smith**") and Florida Veg Investments LLC (together with Smith, "**Defendants**").

Having read the Application and supporting declarations, and having considered the arguments and evidence presented by the parties, and good cause appearing, the Court finds that in the absence of granting Dairyland's Application, immediate and irreparable harm, injury, loss, and damage will result to Dairyland and its business, property, reputation, and goodwill, in addition to its statutory, common law, and contractual rights, from which Dairyland will not be able to recover financially and for which there is no adequate remedy at law. The immediate and irreparable injuries, losses, and damages Dairyland will suffer include the loss and devaluation of Dairyland's confidential, proprietary, and trade secret information and the potential loss of its customers and employees, the loss of Dairyland's goodwill, and the continued and wrongful

disclosure of Dairyland's confidential and valuable customer contacts, customer service requirements, and pricing information.

For these reasons, Dairyland's Application for Temporary Restraining Order is **GRANTED**.

Dairyland has provided notice to Defendants through their attorney, and an order is immediately necessary before any further irreparable injury, loss, or damage occurs.

It is therefore **ORDERED** that Defendants are **RESTRAINED AND ENJOINED**, as follows:

1. N/A;

2. Defendants, and all others affiliated or acting in concert with either or both of them, must immediately cease and desist from using or disclosing any of Dairyland's trade secrets and/or confidential or proprietary information including, without limitation:

    2.1. Customer lists, contact information, service locations, and pricing specifications and methodologies for Dairyland's customers;

    2.2. Service performance methods, techniques, and know-how used to service Dairyland's customers;

    2.3. Information concerning current and former Dairyland personnel, including their identities, roles, skills, qualifications, capabilities, and compensation; and

    2.4. Dairyland's financial data or data of any sort developed or compiled by Dairyland and its affiliates;

3. To the extent not already covered by paragraph 2, and to the extent (if any) that Smith has already disclosed (directly or indirectly) any information subject to paragraph 2 to Florida Veg Investments or any of its employees, Florida Veg Investments and any such person to whom such information was disclosed must immediately cease and desist from any use of such information derived from Smith;

4. N/A;

5. (a) Smith shall immediately provide any and all computers and other electronic or storage devices in his custody, possession, and/or control to a forensic consultant retained by Dairyland so that such computers and

    devices may be imaged and preserved; (b) Florida Veg Investments shall also immediately provide any and all computers and other electronic or storage devices in its custody, possession, and/or control (including those of any employee) on which Dairyland's records, documents, and files as obtained (directly or indirectly) from Smith to a forensic consultant retained by Dairyland so that such computers and devices may be imaged and preserved; (c) Smith and Florida Veg Investments shall also each immediately return any and all hard copies of Dairyland's records, documents, and files printed out or created from information taken or derived by Smith from Dairyland; (d) Dairyland is not authorized to otherwise review images taken from any Smith or Florida Veg Investment computers or devices until obtaining further Order from the Court; and (e) Dairyland must bear all expenses associated with this paragraph as to imaging, with reservation of right to seek the shifting of costs in that regard at a later time upon an appropriate record;

6. Defendants, and all others affiliated or acting in concert with either or both of them, shall not delete, destroy, or discard any files or other documents that belong to Dairyland or that contain, reference, or incorporate confidential or proprietary information that belongs to Dairyland.

**IT IS FURTHER ORDERED** that a hearing on Dairyland's Application for Preliminary Injunction shall be held at 1:30 p.m. on May 30, 2024. The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be made a Preliminary Injunction pending a full trial on the merits.

**IT IS FURTHER ORDERED** that Dairyland post a bond in the amount of $5,000.00.

**IT IS FURTHER ORDERED** upon consent of the parties that this Order will expire at the conclusion of the hearing on Dairyland's Application for Preliminary Injunction.

The Clerk shall enter this Temporary Restraining Order and provide a copy to all parties.

SIGNED this 2nd day of May, 2024, at 4:30 o'clock p.m.

                                  BY THE COURT:

                                  _____
                                  PRESIDING JUDGE